# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| **MIKER WRIGHT,** | Civil Action No. 5:13-cv-02821-JMC |
| Plaintiff, | |
| vs. | COMPLAINT AND DEMAND FOR JURY TRIAL |
| **INTEGRITY SOLUTION, SERVICES, INC.; and DOES 1 through 10, inclusive,** | |
| Defendant. | |

## COMPLAINT

### I.  INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff, Miker Wright, an individual consumer, against Defendant, Integrity Solution, for violations of the law, including, but not limited to, violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter ''FDCPA''), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II.  JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here.

1

### III.   PARTIES

3. Plaintiff, Miker Wright, is a natural person with a permanent residence in Bamberg, Bamberg County, South Carolina 29003.

4. Upon information and belief, the Defendant, Integrity Solution, Services, Inc. is a corporation engaged in the business of collecting debt in this state and in several other states, with its principal place of business located at 20 Corporate Hills Drive, St. Charles, Missouri 63301. The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

### IV.   FACTUAL ALLEGATIONS

6. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

7. On or about August 21, 2013, Defendant, in connection with the collection of the alleged debt, communicated with Plaintiff's co-worker, who is not a co-signer on the alleged debt, and the communication was not in a manner covered by *§1692b* of the FDCPA.

8. On or about August 21, 2013and during the first thirty (30) days of communicating with Plaintiff, Defendant, in connection with the collection of the alleged debt, demanded payment on the alleged debt without also informing Plaintiff that Plaintiff could dispute the validity of the alleged debt and thereby overshadowed the Plaintiff's right to dispute the validity of the debt.

9. The natural consequences of Defendant's statements and actions were to unjustly condemn and vilify Plaintiff for his non-payment of the debt he allegedly owed.

10. The natural consequences of Defendant's statements and actions were to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

11. The natural consequences of Defendant's statements and actions were to cause Plaintiff mental distress.

12. Defendant utilized unfair and unconscionable means to collect on Plaintiff's alleged debt, by lying to and misleading Plaintiff.

## V.     FIRST CLAIM FOR RELIEF

13. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

14. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

   (a) Defendant violated *§1692c(b)* of the FDCPA by communicating with a third party in connection with the collection of the alleged debt without the consent of the Plaintiff and the contact was not in a manner covered by *§1692b* of the FDCPA; and

   (b) Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and

   (c) Defendant violated *§1692e* of the FDCPA by using a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

   (d) Defendant violated *§1692e(10)* of the FDCPA by using false representation or deceptive means in connection with the collection the alleged debt; and

   (e) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt; and

   (f) Defendant violated *§1692g(b)* of the FDCPA by overshadowing or being inconsistent with the disclosure of the consumer's rights to dispute the debt or request the name and address of the original creditor.

15. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

16. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff, Miker Wright, for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

## VI.  SECOND CLAIM FOR RELIEF

17. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

18. Defendant violated the South Carolina Consumer Protection Code § 37-5-101 et seq. (hereinafter "SCCPC").

19. Defendant's violations include, but are not limited to, the following:

   (a) Defendant violated *§37-5-108(iv)* of the SCCPC by communicating with anyone other than the consumer, her attorney, a consumer reporting agency if otherwise permitted by law, the attorney of the creditor or debt collector, unless the consumer or a court of competent jurisdiction has given prior direct permission.

20. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

21. As a result of the foregoing violations of the SCCPC, Defendant is liable to the Plaintiff for actual damages, and statutory damages.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, Integrity Solution, Services, Inc., for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA and the SCCPC.

B. Actual damages.

C. Statutory damages.

D. Costs and reasonable attorney fees.

E. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

F. For such other and further relief as the Court may deem just and proper.

## VI. DEMAND FOR JURY TRIAL

Please take notice that Plaintiff, Miker Wright, demands trial by jury in this action

DATED: October 14, 2013

> RESPECTFULLY SUBMITTED,
>
> By: /s/ Chauntel Bland
> Chauntel Bland, Esq.
> 463 Regency Park Drive
> Columbia SC 29210
> Phone: (803) 319-6262
> Fax: (866) 322-6815
> chauntel.bland@yahoo.com
> *Attorney for Plaintiff,*
> *Miker Wright*